FILED
JUN 03 2021
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY                                DEPUTY

RANDY S. GROSSMAN
Acting United States Attorney
MELANIE K. PIERSON
Assistant United States Attorney
California Bar No. 112520
Federal Office Building
880 Front Street, Room 6293
San Diego, California 92101-8893
Telephone: (619) 546-7976
Email: Melanie.Pierson@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | Case No. 19-CR-2439-WQH |
|---|---|
| Plaintiff, | |
| v. | PLEA AGREEMENT |
| WELLGREENSCA, INC. | |
| Defendant. | |

IT IS HEREBY AGREED between the plaintiff, UNITED STATES OF AMERICA, through its counsel, Randy S. Grossman, Acting United States Attorney, and Melanie K. Pierson, Assistant United States Attorney, and defendant, WELLGREENSCA, INC., with the advice and consent of Vikas Bajaj, counsel for defendant, as follows:

I

**THE PLEA**

Defendant agrees to plead guilty to Count 7 of the Indictment charging defendant with:

knowingly transporting and causing to be transported hazardous waste, to wit: three drums of waste ethanol having the characteristic of ignitability, without a manifest, which were required by regulation to be transported with a manifest, on or about between February 7, 2018, within the Southern District of California, in violation of 42 U.S.C. §§ 6928(d)(5) and 18 U.S.C. §2.

Plea Agreement                                                                   Def. Initials 

The Government agrees to (1) move to dismiss the remaining charges without prejudice when Defendant is sentenced, and (2) not prosecute Defendant thereafter on such dismissed charges unless Defendant breaches the plea agreement or the guilty plea entered pursuant to this plea agreement is set aside for any reason. If Defendant breaches this agreement or the guilty plea is set aside, section XII below shall apply.

This plea agreement is part of a "package" disposition as set forth in Section VI.E below

## II

### NATURE OF THE OFFENSE

A.  ELEMENTS EXPLAINED

Defendant understands that the offense to which defendant is pleading guilty has the following elements:

1. The employees of the defendant, acting within the scope of their employment for the benefit of the corporation, knowingly caused the transportation of a substance;

2. The substance involved was a federally regulated hazardous waste;

3. The employees of the defendant knew that the substance transported was a waste that had the potential or substantial potential to be harmful to others or to the environment and was not an innocuous substance like water;

4. The employees of the defendant knew that no hazardous waste manifest accompanied the substance during transportation; and

5. A manifest was required by regulations to accompany the waste during transportation.

//

B. ELEMENTS UNDERSTOOD AND ADMITTED - FACTUAL BASIS

Defendant has fully discussed the facts of this case with defense counsel. Defendant has committed each of the elements of the crime, and admits that there is a factual basis for this guilty plea. The following facts are true and undisputed:

1. WellgreensCA, Inc. ("Wellgreens") was engaged in the business of extracting oils from cannabis at a location on Trade Street in San Diego, California. As part of the manufacturing process, Wellgreens generated various wastes, including 55-gallon drums of waste ethanol.

2. The waste ethanol generated by Wellgreens was a federally regulated hazardous waste that exhibited the characteristic of ignitability, because it had a flashpoint of less than 140 degrees Fahrenheit.

3. Employees of Wellgreens, acting within the scope of their employment for the benefit of the company, agreed with R.U. and others to pay R.U. to dispose of the drums of waste ethanol generated by Wellgreens. Those employees of the Wellgreens knew that the ethanol in the drums given to R.U. for disposal was a waste that had the potential or substantial potential to be harmful to others or to the environment and was not an innocuous substance like water.

4. As a large quantity generator of hazardous waste, Wellgreens was required to transport all hazardous waste, including the waste ethanol, from their site on Trade Street in San Diego accompanied by a uniform hazardous waste manifest, pursuant to 40 CFR §262.20.

5. On or about February 7, 2018, employees of Wellgreens, acting within the scope of their employment for the benefit of the corporation, caused R.U. to pick up three full 55-gallon drums of waste ethanol from the Wellgreens facility on Trade Street for disposal. Those employees were aware at the time the drums were transported that no uniform hazardous waste manifest was prepared or provided to R.U. to accompany the waste ethanol during transportation.

6. On or about February 7, 2018, R.U. disposed of the three drums of waste ethanol behind a business located at 1350 Hill Street in El Cajon, California.

## III

### PENALTIES

Defendant understands that the crime to which defendant is pleading guilty carries the following penalties for a corporation:

A. a maximum 5 years of probation, and a minimum of one year of probation;



    B.    a maximum fine of $50,000 per day of violation, or $500,000, whichever is greater, ~~and a minimum fine of $5,000 per day of violation;~~ mlp NP JS

    C.    a mandatory special assessment of $400 per count; and

    D.    an order from the Court pursuant to 18 U.S.C. § 3663 that defendant make restitution to the victim(s) of the offense of conviction, or the estate(s) of the victims(s) of up to $27,000. Defendant understands that the Court may also order, if agreed to by the parties in this plea agreement, restitution to persons other than the victim(s) of the offense of conviction.

## IV

### DEFENDANT'S WAIVER OF TRIAL RIGHTS

Defendant understands that this guilty plea waives the right to:

    A.    Continue to plead not guilty and require the Government to prove the elements of the crime beyond a reasonable doubt;

    B.    A speedy and public trial by jury;

    C.    The assistance of counsel at all stages of trial;

    D.    Confront and cross-examine adverse witnesses; and

    E.    Testify and present evidence and to have witnesses testify on behalf of defendant.

## V

### DEFENDANT ACKNOWLEDGES NO PRETRIAL RIGHT TO BE PROVIDED WITH IMPEACHMENT AND AFFIRMATIVE DEFENSE INFORMATION

The Government represents that any information establishing the factual innocence of defendant known to the undersigned prosecutor in this case has been turned over to defendant. The Government will

continue to provide such information establishing the factual innocence of defendant.

Defendant understands that if this case proceeded to trial, the Government would be required to provide impeachment information relating to any informants or other witnesses. In addition, if defendant raised an affirmative defense, the Government would be required to provide information in its possession that supports such a defense. Defendant acknowledges, however, that by pleading guilty defendant will not be provided this information, if any, and defendant also waives the right to this information. Finally, defendant agrees not to attempt to withdraw the guilty plea or to file a collateral attack based on the existence of this information.

## VI

### DEFENDANT'S REPRESENTATION THAT GUILTY PLEA IS KNOWING AND VOLUNTARY

Defendant represents that:

A. Defendant has had a full opportunity to discuss all the facts and circumstances of this case with defense counsel and has a clear understanding of the charges and the consequences of this plea. Defendant understands that, by pleading guilty, defendant may be giving up, and rendered ineligible to receive, valuable government benefits and civic rights. Defendant further understands that the conviction in this case may subject defendant to various collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case; debarment from government contracting; and suspension or revocation of a professional license, none of which will serve as grounds to withdraw defendant's guilty plea.

B. No one has made any promises or offered any rewards in return for this guilty plea, other than those contained in this agreement or otherwise disclosed to the Court.

C. No one has threatened defendant or defendant's officers, employees or agents to induce this guilty plea.

D.  Defendant is pleading guilty because in truth and in fact defendant is guilty and for no other reason.

E.  The disposition contemplated by this agreement is part of a "package" disposition with codefendant(s) Nadia Malloian and Lunar Loussia. If any defendant in the package fails to perform or breaches any part of their agreement, no defendant can withdraw their guilty plea, but the Government is relieved from and not bound by any terms in any agreements in the package.

## VII

## AGREEMENT LIMITED TO U.S. ATTORNEY'S OFFICE SOUTHERN DISTRICT OF CALIFORNIA

This plea agreement is limited to the United States Attorney's Office for the Southern District of California, and cannot bind any other federal, state or local prosecuting, administrative, or regulatory authorities, although the Government will bring this plea agreement to the attention of other authorities if requested by the defendant.

## VIII

## APPLICABILITY OF SENTENCING GUIDELINES

Defendant understands the sentence imposed will be based on the factors set forth in 18 U.S.C. § 3553(a). Defendant understands further that in imposing the sentence, the sentencing judge must consult the United States Sentencing Guidelines (Guidelines) and take them into account. Defendant has discussed the Guidelines with defense counsel and understands that the Guidelines are only advisory, not mandatory, and the Court may impose a sentence more severe or less severe than otherwise applicable under the Guidelines, up to the maximum in the statute of conviction. The sentence cannot be determined until a presentence report is prepared by the U.S. Probation Office and defense

Plea Agreement                                    7                              Def. Initials

counsel and the Government have an opportunity to review and challenge the presentence report. Nothing in this plea agreement shall be construed as limiting the Government's duty to provide complete and accurate facts to the district court and the U.S. Probation Office.

## IX

### SENTENCE IS WITHIN SOLE DISCRETION OF JUDGE

This plea agreement is made pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B). Defendant understands that the sentence is within the sole discretion of the sentencing judge. The Government has not made and will not make any representation as to what sentence defendant will receive. Defendant understands that the sentencing judge may impose the maximum sentence provided by statute, and is also aware that any estimate of the probable sentence by defense counsel is a prediction, not a promise, and is not binding on the Court. Likewise, the recommendation made by the Government is not binding on the Court, and it is uncertain at this time what defendant's sentence will be. Defendant also has been advised and understands that if the sentencing judge does not follow any of the parties' sentencing recommendations, defendant nevertheless has no right to withdraw the plea.

## X

### PARTIES' SENTENCING RECOMMENDATIONS

A. SENTENCING GUIDELINE CALCULATIONS

The Sentencing Guidelines for the payment of fines are not applicable to corporations who have committed offenses involving the environment, pursuant to USSG §8C2.1, Background. As such, the sentence shall be determined pursuant to USSG §8C2.10, which directs the court to determine an appropriate fine by applying the provisions of 18 U.S.C. §§3553 and 3572.

B. "FACTUAL BASIS" AND "RELEVANT CONDUCT" INFORMATION

The parties agree that the facts in the "factual basis" paragraph of this agreement are true, and may be considered as "relevant conduct" under USSG § 1B1.3 and as the nature and circumstances of the offense under 18 U.S.C. § 3553(a)(1).

C. SPECIAL ASSESSMENT/FINE/RESTITUTION

1. Special Assessment.

The parties will jointly recommend that defendant pay a special assessment in the amount of $400.00 per felony count of conviction to be paid forthwith at time of sentencing. The special assessment shall be paid through the office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

2. Fine.

The parties will jointly recommend that defendant pay a fine in the amount of $50,000, which the Court shall order payable forthwith, The parties agree that the fine may be reduced to $45,000, if the defendant provides a cashier's check in the amount of $45,000, payable to the Clerk of the Court, at the time of the change of plea.

The fine shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

3. Restitution.

Defendant agrees that the amount of restitution ordered by the Court shall include defendant's total offense conduct, and is not limited to the count(s) of conviction. The parties agree that the defendant will pay restitution, jointly and severally with its co-defendants, for the costs of the emergency response and restoration of

the three sites involved, which is currently estimated to approximately $26,482.38, to the victims set forth below, at least one week prior to the date set for sentencing. The defendant agrees to pay the full costs of clean up, even if such costs exceed the estimate set forth herein. Defendant agrees that a restitution order in an unanticipated amount is not grounds to withdraw Defendant's guilty plea.

In the event that the defendant fails to pay the agreed upon restitution prior to sentencing, the parties will recommend to the Court that the Court order the total amount of restitution due and payable immediately. Any payment schedule imposed by the Court establishes only a minimum obligation, and does not foreclose the United States from exercising all legal actions, remedies, and process available to collect the restitution judgment, including but not limited to remedies pursuant to 18 U.S.C. §§ 3613 and 3664(m)(1)(A). Defendant will make a good faith effort to pay the full restitution. Defendant waives all demands for payment of restitution and waives demand for payment of any fine imposed.

Until the fine and restitution are paid in full, Defendant agrees and consents to the entry of the unpaid fine and restitution into the Treasury Offset Program (TOP) so that any federal payment or transfer of returned property to Defendant will be offset and applied to pay Defendant's unpaid fine and restitution. Defendant waives all rights to notices and all rights to contest any and all TOP offsets until the fine and restitution are paid in full, including all accrued interest on unpaid balance(s).

Defendant agrees that if the restitution is not paid prior to sentencing, the restitution, restitution judgment, payment provisions,

and collection actions of this plea agreement are intended to, and will, survive defendant, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. Defendant further agrees that if the restitution is not paid prior to sentencing, any restitution collected and/or distributed will survive it, notwithstanding the abatement of any underlying criminal conviction after execution of this agreement.

The restitution described above shall be paid through the Office of the Clerk of the District Court by bank or cashier's check or money order made payable to the "Clerk, United States District Court."

Further, the restitution described above shall be paid to or on behalf of the following victim(s):

| Victim | Amount |
|---|---|
| San Diego County Dept. of Environmental Health Services<br>P.O. Box 129261<br>San Diego, CA   92123-9261 | $11,581.30 |
| California Dept. of Toxic Substances Control<br>101 I Street, 11 Floor<br>Sacramento, California   95812 | $5,688.72 |
| California Dept. of Transportation<br>Attn: Frank Santibanez MS 220<br>4050 Taylor Street<br>San Diego, California   92110 | $9,212.36 |

## XI

### DEFENDANT WAIVES APPEAL AND COLLATERAL ATTACK

A. **WAIVER OF RIGHT TO APPEAL**

In exchange for the United States' concessions in this plea agreement, Defendant waives, to the full extent of the law, any right

to appeal the conviction(s). In addition, Defendant waives, to the full extent of the law, any right to appeal the sentence, unless the court imposes a fine greater than that recommended by the government in accordance with this agreement. The United States is free to support the sentence imposed upon appeal.

### B. WAIVER OF RIGHT TO COLLATERAL ATTACK

Defendant waives, to the full extent of the law, any right to collaterally attack the conviction and/or sentence, except for a post-conviction collateral attack based on a claim of ineffective assistance of counsel.

### C. OBJECTIONS TO UNITED STATES' RECOMMENDATION

If Defendant believes the United States' recommendation is not in accord with this plea agreement, Defendant will object at the time of sentencing; otherwise the objection will be deemed waived.

## XII

## BREACH OF THE PLEA AGREEMENT

### A. MATERIAL BREACH OF PLEA AGREEMENT

Defendant acknowledges, understands, and agrees that if Defendant violates or fails to perform any of Defendant's obligations under this agreement, such violation or failure to perform will constitute a material breach of this agreement.

Defendant acknowledges, understands, and agrees further that the following non-exhaustive list of conduct by Defendant unquestionably constitutes a material breach of this plea agreement:

    1. Failing to plead guilty pursuant to this agreement;

    2. Withdrawing the guilty plea or attempting to withdraw the guilty plea;

    3. Failing to appear in court;

4. Failing to abide by any lawful court order related to this case;

5. Appealing or collaterally attacking the sentence or conviction in violation of Section XI of this plea agreement; or

6. Engaging in additional criminal conduct from the time of arraignment until the time of sentencing.

**B. CONSEQUENCES OF BREACH**

In the event of Defendant's material breach of this plea agreement, Defendant will not be able to enforce any of its provisions, and the United States will be relieved of all its obligations under this plea agreement. For example, the United States may pursue any charges including those that were dismissed, promised to be dismissed, or not filed as a result of this agreement (Defendant agrees that any statute of limitations relating to such charges is tolled as of the date of this agreement; Defendant also waives any double jeopardy defense to such charges). In addition, the United States may move to set aside Defendant's guilty plea. Defendant may not withdraw the guilty plea based on the United States' pursuit of remedies for Defendant's breach.

## XIII

### COMPLETE WAIVER OF PLEA-DISCUSSION EXCLUSION RIGHTS

In exchange for the United States' concessions in this agreement, Defendant agrees that: (i) the stipulated factual basis statement in this agreement; (ii) any statements made by Defendant's representative, under oath, at the guilty plea hearing (before either a Magistrate Judge or a District Judge); and (iii) any evidence derived from such statements, are admissible against Defendant in the prosecution's case-in-chief and at any other stage of the proceedings in any prosecution of or action against Defendant on the current charges and/or any other

Plea Agreement 13 Def. Initials 

charges that the United States may pursue against Defendant. Additionally, Defendant knowingly, voluntarily, and intelligently waives any argument under the United States Constitution, any statute, Federal Rule of Evidence 410, Federal Rule of Criminal Procedure 11(f), and/or any other federal rule, that these statements or any evidence derived from these statements should be suppressed or are inadmissible. Defendant's waiver of the aforementioned rights is effective as soon as the parties sign this agreement, and is not contingent upon the Court ultimately accepting Defendant's guilty plea.

## XIV

### ENTIRE AGREEMENT

This plea agreement embodies the entire agreement between the parties and supersedes any other agreement, written or oral.

## XV

### MODIFICATION OF AGREEMENT MUST BE IN WRITING

No modification of this plea agreement shall be effective unless in writing signed by all parties.

## XVI

### DEFENDANT AND COUNSEL FULLY UNDERSTAND AGREEMENT

By signing this agreement, defendant certifies that the Board of Directors of the defendant corporation has read it. The Board of Directors of the defendant corporation has discussed the terms of this agreement with defense counsel and fully understands its meaning and effect. The Board of Directors has authorized counsel to enter this plea on behalf of the corporation in accordance with the terms of this agreement.

//
//

## XVII

## DEFENDANT SATISFIED WITH COUNSEL

The Board of Directors of the defendant corporation has consulted with counsel and is satisfied with counsel's representation. This is defendant's independent opinion, and its counsel did not advise it about what to say in this regard.

RANDY S. GROSSMAN
Acting United States Attorney

DATED May 12, 2021

MELANIE K. PIERSON
Assistant U.S. Attorney

DATED April 7, 2021

VIKAS BAJAJ
Defense Counsel

**IN ADDITION TO THE FOREGOING PROVISIONS TO WHICH I AGREE, I SWEAR UNDER PENALTY OF PERJURY THAT THE FACTS IN THE "FACTUAL BASIS" SECTION ABOVE ARE TRUE.**

DATED April 7, 2021

Lunar Loussia for Defendant
WELLGREENSCA, INC.

Plea Agreement                          15                          Def. Initials